NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL DEVIN FLOYD, | No. 25-4460 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-00871-EMC |
| v. | |
| 24 HOUR FITNESS USA, LLC, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted July 15, 2026**

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

Michael Floyd appeals the district court's 1) dismissal of his negligent

training and false arrest claims, 2) grant of summary judgment to 24 Hour Fitness

USA, LLC ("24 Hour") on his defamation, intentional infliction of emotional

distress ("IIED"), negligence, contract, and Unfair Competition Law ("UCL")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims, and 3) denial of various motions and evidentiary challenges. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. Dismissal of Negligent Training and False Arrest Claims

### a. Negligent Training

A claim for negligent training often involves an employer retaining an employee with a past history of wrongdoing. *See, e.g.*, *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 875–76 (2012) (analyzing claim in a school setting). And "additional duty limits are suggested by . . . considerations of the extent of moral blame and the policy balance between the prevention of future harm and the burdens created by imposing a duty of care." *Id.* at 878. So "[u]nless the individual alleged to be negligent in a hiring or retention decision knew or should have known of the dangerous propensities of the employee who injured the plaintiff, there is little to no moral blame attached to the person's action." *Id.*

In his First Amended Complaint ("FAC"), Floyd alleged 24 Hour is liable for negligent training and supervision of the employees involved in the July and October 2022 incidents. Floyd did not allege, however, that the employees' conduct, in either incident, was a part of a pattern or practice which put 24 Hour on notice to provide better training. *See id.* Moreover, any failure to retrain after the first incident did not lead to the second incident because the 24 Hour employees

involved were different.[1]

### b. *False Arrest*

Floyd alleged 24 Hour caused him to be falsely arrested for trespassing in October 2022. *See* CACI 1403. But an affirmative defense for false arrest is available if the defendant proves the plaintiff "committed or attempted to commit a crime in [the defendant's] presence." CACI 1404.

Based on his allegations in the FAC, Floyd trespassed when he was asked to leave 24 Hour's property and did not do so. *See* Cal. Penal Code § 602(m). That the trespassing charge was later dismissed does not mean he was not trespassing at the time of the arrest.

## II.     Summary Judgment on Other Claims

### a. *Defamation*

Floyd alleged 24 Hour employee Walter Kane's statement to the police during the October 2022 incident was defamatory. An element of defamation is the statement of fact is unprivileged. *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999). "[S]tatements made when a citizen contacts law enforcement personnel to report suspected criminal activity on the part of another person" are privileged under California Civil Code § 47(b). *Hagberg v. Cal. Fed. Bank*, 32

---

[1] Floyd raises additional new arguments on appeal, but because these arguments were not raised below, we do not consider them. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).

Cal. 4th 350, 355 (2004).

Kane's statement to the police—that Floyd inappropriately touched other gym members previously and on the day of his arrest—is privileged because it was made "to report [Floyd's] suspected criminal activity." *See id.* Floyd contends because Kane made this statement with malicious intent, it is not privileged. *See* Cal. Civ. Code § 47(b)(5) (privilege does not apply when a person makes a false report knowingly "or with reckless disregard for the truth or falsity of the report"). No reasonable jury could find Kane intentionally lied or acted with "reckless disregard for the truth" because 24 Hour previously received at least two complaints of Floyd inappropriately touching other members, and the membership revocation request form specifically stated Floyd inappropriately "grabbed" another member that day.[2]

### b. IIED

Floyd alleged Kane's statement to the police during the October 2022 incident constituted IIED. IIED requires "extreme and outrageous conduct by the defendant." *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (1991). Because

---

[2] When finding Kane did not make his statement with malicious intent, the district court relied on police reports, which Floyd contends were inadmissible. Even assuming the district court erred admitting those police reports, there is no prejudice here because of the membership revocation request form, which was not objected to. *See infra* n.6; *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) ("A party seeking reversal for evidentiary error must show that the error was prejudicial.").

there were multiple prior complaints of Floyd harassing other members, Kane's statement to the police was not outrageous.

### c. Negligence

Floyd alleged 24 Hour caused Negligent Infliction of Emotional Distress ("NIED") in connection with his arrest. NIED is not a separate tort but a form of negligence and must satisfy the elements of duty, breach, causation, and damages. *Burgess v. Superior Ct.*, 2 Cal. 4th 1064, 1072 (1992).

Although a general presumption exists that 24 Hour owed Floyd a duty of reasonable care, *see* Cal. Civ. Code § 1714(a), the district court reasonably held that public policy factors warrant limiting this duty here, *see Shalghoun v. N. L.A. Cnty. Reg'l Ctr., Inc.*, 99 Cal. App. 5th 929, 946 (2024) ("[C]ourts have the power and obligation to examine whether considerations of public policy warrant limiting" a legal duty of care). The California Supreme Court outlined two factors in analyzing whether public policy should limit the duty of care, one of which asks whether recognizing the duty "would deter socially beneficial behavior." *Id.* at 946–47. 24 Hour had a strong interest in protecting the safety of its members, and that interest warrants limiting the presumptive duty of reasonable care with regard to Floyd's removal from the premises. Moreover, the urgency of preventing potential harassment justifiably limited the scope of investigation 24 Hour undertook before removing Floyd. *See e.g.*, *Brooks v. City of San Mateo*, 229 F.3d

917, 921–22 (9th Cir. 2000) (finding placement of harassing employee on "administrative leave pending an investigation" was "prompt remedial action" in the Title VII context).

24 Hour did not breach its limited duty to Floyd. 24 Hour took reasonable steps to respond promptly to multiple members' complaints. And 24 Hour provided Floyd with adequate opportunities to respond to the allegations shortly after being removed.[3] Floyd contends the facts supporting summary judgment "are riddled with uncertainty." Because the evidence above is undisputed, and indeed, corroborated by Floyd's deposition and statements, we are not persuaded that summary judgment was improper.

### d. Contract-Related Claims

1. Floyd alleged 24 Hour breached the membership agreement ("Agreement"). *See Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). The Membership Policies and Club Rules require members "not engage in . . . any conduct that harasses or is bothersome to members" and "violation of any of the Policies or Rules may also cause 24 Hour, in its sole discretion, to terminate that person's membership." The Agreement similarly states "24 Hour may, at its option, terminate your membership" for "fail[ure] to follow any of 24 Hour's

---

[3] Separate from his NIED/negligence claim, Floyd challenges the dismissal of his claim for breach of an implied duty of reasonable care. For the same reasons explained at *supra* pp. 5–6, 24 Hour did not breach this duty.

25-4460

Membership Policies or club Rules." 24 Hour thus did not breach the Agreement when it terminated Floyd's membership on the basis that he violated the Club Rules by harassing other members.[4]

2. Floyd alleged 24 Hour "did not act fairly and in good faith." To the contrary, as described above, 24 Hour had a good faith basis to terminate his membership. *See Gux v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349–50 (holding the covenant of good faith and fair dealing cannot impose "limits on the contracting parties beyond those incorporated in the specific terms of their agreement"). To the extent the covenant of good faith and fair dealing implied a duty to reasonable investigation before termination, 24 Hour fulfilled that duty by responding to complaints and providing Floyd with adequate opportunities to be heard.

*e. UCL Claim*

Floyd alleged 24 Hour violated the UCL by not having "a fair harassment policy." The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Professions Code § 17200. Relevant here, one test to define "unfair" under the UCL is whether the alleged business practice "requires the court to weigh the utility of the defendant's conduct against the gravity of the

---

[4] Floyd contends there is insufficient evidence he harassed other members. But multiple members complained of Floyd harassing them, which was enough to allow 24 Hour to terminate his membership.

harm to the alleged victim." *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010). Another requires the plaintiff's injury "not be outweighed by any countervailing benefits to consumers or competition." *Id.*

Weighing the "utility" or "countervailing benefit" of 24 Hour's conduct against the alleged harm to Floyd, 24 Hour's harassment policy was fair. *See id.* The district court reasonably found the utility of 24 Hour's conduct "significant" because the facility "has a vested interest in reasonably promptly removing a member repeatedly accused of harassing other members." Any due process harm to Floyd, in contrast, was limited. 24 Hour did not immediately remove him from the gym or terminate his membership. Instead, 24 Hour called the police in July and October 2022 after multiple complaints were made against Floyd and only after he refused to leave. And again, 24 Hour gave Floyd an opportunity to be heard shortly after both removals.[5]

### III.  Other Challenges[6]

We review evidentiary rulings for abuse of discretion. *Valdiva v.*

---

[5] Floyd additionally contends the district court erred by considering similar incidents in its analysis. In his complaint, Floyd disclosed he was "banned from their gyms in the area." The district court reasonably concluded these other incidents "underscore[] the justifiability of 24 [Hour's] conduct in responding to multiple members' complaints."

[6] Floyd failed to object to the admission of the membership revocation request form and certain 24 Hour employees' declarations below. His appeals regarding their admission are thus waived. *See Tan Lam v. City of Los Banos*, 976 F.3d 986, 1006 (9th Cir. 2020).

25-4460

*Schwarzenegger*, 599 F.3d 984, 993 (9th Cir. 2010); *see also Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (challenging admission of evidence). We also review the district court's decision not to appoint counsel in a civil suit for abuse of discretion. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

### a. Denial of Motions to Compel

Floyd appeals the denial of his two motions to compel. Floyd's motions were procedurally deficient and prematurely filed before the initial case management conference. *See* N.D. Cal. Civ. R. 37-1 (meet and confer requirement); Fed. R. Civ. P. 26(d)(1). The district court did not abuse its discretion by denying them.

### b. Initialization of the Alleged Victims' Declarations

Floyd challenges the district court's order requiring that 24 Hour provide only the victims' initials in their declarations, to "balance" Floyd's rights against the "alleged victim's rights of privacy."

"[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The district court considers, among other factors, "the severity of the threatened harm," and "the reasonableness of the anonymous party's fears." *Id.* V.H. and H.S.

9                                                           25-4460

reported Floyd for harassing them. After those incidents, V.H. was "scared" of Floyd and H.S. "started carrying mace and a taser." Given these circumstances, the district court did not abuse its discretion by allowing V.H. and H.S. to use their initials in their declarations.

*c. Admission of Floyd's 24 Hour Profile*

Floyd appeals the admission of his 24 Hour profile. 24 Hour authenticated Floyd's membership profile as "records kept in the regular course of [its] business and made contemporaneously or close to contemporaneously with reported statements." Floyd's membership profile was properly admitted as a business record by the district court. *See* Fed. R. Evid. 803(6)(B).

*d. Denial of Motion for Appointment of Counsel*

Appointment of counsel in a civil case is only granted in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Floyd's motion did not meet this high standard.

**AFFIRMED.**

25-4460